# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | CASE NUMBER 6:15-CR-00058-JDK-JDL |
| v. | § § § § | |
| MEOSHE GOODWIN (12), | § § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 29, 2021, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Meoshe Goodwin. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Offer and Payment of Illegal Renumeration and Aiding and Abetting, a Class D felony. This offense carried a statutory maximum imprisonment term of not more than 5 years. The guideline imprisonment range, based on a total offense level of 12 and criminal history category of II, was 12 to 18 months. On January 25, 2017, Circuit Judge Catharina Haynes sentenced Defendant to 4 years probation subject to the standard conditions of release, plus special conditions to include financial penalty payment, financial disclosure and monitoring, being barred from incurring new credit charges or opening any new lines of credit without approval, being barred from any form of gambling until full payment of any Court-ordered financial obligation, drug after-care, mental health treatment, and acquiring a GED. On January 25, 2017, Defendant began service of the probation term.

1

The original term of probation was revoked on October 12, 2017, and District Judge Ron Clark sentenced Defendant to 9 months of imprisonment followed by an additional 18 months of supervised release. The previous standard and special conditions of release were imposed, plus the additional special condition that Defendant must reside in a residential reentry center or community corrections center for 180 days following release from confinement. On June 1, 2018, Defendant completed her period of imprisonment and began the 18-month term of supervised release with the previously imposed standard and special conditions of release. On October 31, 2018, the conditions of supervised release were amended to include a 180-day placement in a residential reentry center. On August 26, 2019, District Judge Robert W. Schroeder III extended the term of supervised release for 18 months, for a total term of 3 years.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant admitted to cocaine use on or about November 26, 2020; December 7, 2020; January 1, 2021; and, January 9, 2021. The government also alleges that Defendant submitted a drug test on December 30, 2020, that tested positive for cocaine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true violating the conditions of supervision by committing the acts as alleged in Allegation 1 of the government's petition. In exchange, the government recommended a sentence of 6 months imprisonment, with no supervised release to follow. Additionally, the government will abandon any remaining allegations.

The Court therefore **RECOMMENDS** that Defendant Moeshe Goodwin's plea of true be accepted and she be sentenced to 6 months imprisonment to run concurrently with her undischarged term in a residential reentry center, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve her sentence at FCI Carswell, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 30th day of April, 2021.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE